IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| Latasha Boyd, | ) Civil Action No.: 7:21-1133-BHH |
|---|---|
| Plaintiff, | ) |
| | ) **ORDER AND OPINION** |
| vs. | ) |
| | ) |
| United States Central Intelligence Agency, | ) |
| | ) |
| Defendant. | ) |

Plaintiff Latasha Boyd ("Plaintiff"), a resident of Duncan, South Carolina, and proceeding *pro se*, initiated this action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (a "*Bivens*" claim) against the Defendant contending her constitutional rights for equal protection, due process, freedom of religion, and privacy and civil liberties have been violated. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Austin recommends that the District Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) without issuance and service of process. (ECF No. 20.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.[1]

## **BACKGROUND**

Plaintiff filed this action against Defendant alleging *inter alia* that the CIA is using "MK ULTRA for psychological harassment" against her. On May 26, 2021, the Magistrate

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

Judge issued a Report recommending that this case be dismissed pursuant to § 1915(e)(2)(B) without issuance and service of process. (ECF No. 20.) On June 14, 2021, Plaintiff filed objections to the Report. (ECF No. 23.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

After a careful review of Plaintiff's objections, it is fair to say that Plaintiff does not make any specific objections to the Report. Rather, Plaintiff's objections and attached exhibits, while verbose, are rambling and nonsensical.

Out of an abundance of caution, the Court has carefully reviewed Plaintiff's

objections and has made a *de novo* review of the Report and finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. The Court finds Plaintiff's objections have no merit and are hereby overruled.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation. Accordingly, this action is DISMISSED without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

June 16, 2021
Charleston, South Carolina